| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

| | |
|---|---|
| PAMELA DUBIER, § | |
| § | |
| Plaintiff, § | |
| § | |
| *versus* § | CIVIL ACTION NO. 1:21-CV-415 |
| § | |
| TRIANGLE CAPITAL PROPERTIES, LLC § | |
| and ROYAL TEXAS, LLC, § | |
| § | |
| Defendant. § | |

## MEMORANDUM AND ORDER

In this matter, Plaintiff Pamela Dubier ("Dubier") brought suit against Defendants Triangle Capital Properties, LLC ("Triangle") and Royal Texas, LLC ("Royal Texas") (collectively, "Defendants") for breach of contract. In their answer (#5), Defendants assert that the court lacks subject matter jurisdiction based on diversity of citizenship as required by 18 U.S.C. § 1332. After reviewing supplemental briefing, conducting an evidentiary hearing on the matter, and considering the arguments of counsel, the court is of the opinion that it possesses subject matter jurisdiction over this action based on diversity of citizenship.

I.   Background

Dubier, as lessor of a commercial property located in Port Arthur, Texas, alleges that Triangle, as lessee, breached a lease agreement between the parties. The property at issue is a fast-food restaurant building. Dubier also alleges that Royal Texas breached a guaranty agreement by failing to make payments it guaranteed under the lease agreement between Dubier and Triangle. In their answer, Defendants challenge the court's subject matter jurisdiction by contending that Dubier can neither sue nor be sued in federal court in this diversity-based action, as she is a

United States citizen who is not domiciled in any state. Rather, they assert that Dubier resides and is domiciled in Greece. Defendants further maintain that Dubier is not a resident of the State of California nor a subject or citizen of Greece.

II.     Analysis

Federal courts are courts of limited jurisdiction and, absent jurisdiction conferred by statute or the Constitution, lack the power to adjudicate claims. *See Gunn v. Minton*, 568 U.S. 251, 256-57 (2013); *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *PNC Bank, Nat'l Ass'n v. Ruiz*, 989 F.3d 397, 402 (5th Cir. 2021); *Quinn v. Guerrero*, 863 F.3d 353, 358 (5th Cir. 2017), *cert. denied*, 138 S. Ct. 682 (2018); *United States v. Kaluza*, 780 F.3d 647, 653 (5th Cir. 2015). "[S]ubject-matter jurisdiction cannot be forfeited or waived and should be considered when fairly in doubt." *Ashcroft v. Iqbal*, 556 U.S. 662, 671 (2009); *Nat'l Football League Players Ass'n v. Nat'l Football League*, 874 F.3d 222, 225 (5th Cir. 2017) (the court "must examine jurisdiction whenever subject matter jurisdiction appears 'fairly in doubt.'"). Rule 12(h)(3) of the Federal Rules of Civil Procedure requires that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." FED. R. CIV. P. 12(h)(3). "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996)); *accord Texas v. United States*, 891 F.3d 553, 559 (5th Cir. 2018). Federal courts have subject matter jurisdiction and are authorized to entertain causes of action only where a question of federal law is involved or where there is diversity of citizenship between the parties

and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. *See* 28 U.S.C. §§ 1331, 1332; *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 (2006); *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005); *Exxon Mobil Corp. v. Allapattah Servs., Inc.*., 545 U.S. 546, 552 (2005); *Jones v. Singing River Health Servs. Found.*, 865 F.3d 285, 292 n.3 (5th Cir. 2017), *cert. denied*, 138 S. Ct. 1000 (2018).

The burden of establishing federal jurisdiction rests on the party seeking to invoke it. *Hertz Corp. v. Friend*, 559 U.S. 77, 96 (2010); *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 (2006); *Campos v. United States*, 888 F.3d 724, 729 (5th Cir. 2018), *cert. denied*, 139 S. Ct. 1317 (2019); *United States ex rel. King v. Solvay Pharm., Inc.*, 871 F.3d 318, 325 (5th Cir. 2017), *cert. denied*, 138 S. Ct. 2030 (2018); *Morris v. Thompson*, 852 F.3d 416, 419 (5th Cir.), *cert. denied*, 138 S. Ct. 203 (2017). Indeed, "there is a presumption against subject matter jurisdiction that must be rebutted by the party bringing an action to federal court." *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996) (citing *Strain v. Harrelson Rubber Co.*, 742 F.2d 888, 889 (5th Cir. 1984)); *accord Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 537 (5th Cir. 2017). Parties seeking to invoke the jurisdiction of federal courts must include "clear, distinct, and precise affirmative jurisdictional allegations" in their pleadings. *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019) (quoting *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988)); *Gaar v. Quirk*, 86 F.3d 451, 453 (5th Cir. 1996). "When challenged on allegations of jurisdictional facts, the parties must support their allegations by competent proof." *Hertz Corp.*, 559 U.S. at 96-97 (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). "Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by

undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 734 (5th Cir. 2019); *Gonzalez v. United States*, 851 F.3d 538, 543 (5th Cir. 2017) (citing *In re FEMA Trailer Formaldehyde Prods. Liab. Litig. (Miss. Plaintiffs)*, 668 F.3d 281, 287 (5th Cir. 2012)); *Ramming*, 281 F.3d at 161.  The court must always be mindful of the "first principle of federal jurisdiction," which requires a federal court to dismiss an action whenever it appears that subject matter jurisdiction is lacking.  *Texas v. Travis Cnty.*, 910 F.3d 809, 811 (5th Cir. 2018) (quoting *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998)); *see Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 571 (2004); *In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 392 (5th Cir. 2009).

In cases where, as here, no federal question is involved, subject matter jurisdiction exists only "where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between—(1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state; (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and (4) a foreign state . . . as plaintiff and citizens of a State or of different States."  28 U.S.C. § 1332(a); *see Lincoln Prop. Co.*, 546 U.S. at 89; *Exxon Mobil Corp.*, 545 U.S. at 552; *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).  Complete diversity requires that no plaintiff be a citizen of the same state as any defendant.  *Exxon Mobil Corp.*, 545 U.S. at 552; *Caterpillar Inc.*, 519 U.S. at 68; *Turner v. GoAuto Ins. Co.*, 33 F. 4th 214, 216 (5th Cir. 2022); *Wallace v. La. Citizens Prop. Ins. Corp.*, 444 F.3d 697, 702 (5th Cir. 2006).  While a corporation is deemed to be a citizen of the state in which it is incorporated and of the state in which it maintains its principal place of business, the citizenship of a limited

liability company is determined by the citizenship of all of its members. *Acadian Diagnostic Lab'ys, L.L.C. v. Quality Toxicology, L.L.C.*, 965 F.3d 404, 408 n.1 (5th Cir. 2020) ("[T]he citizenship of a[n] LLC is determined by the citizenship of all of its members." (quoting *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008))); *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 314 (5th Cir. 2019); *Tewari De-Ox Sys. Inc. v. Mountain States/Rosen, Ltd. Liab. Corp.*, 757 F.3d 481, 483 (5th Cir. 2014) (noting that because the defendant "is a limited liability company, . . . its citizenship is determined by the citizenship of all of its members" and holding that a limited liability company organized in Louisiana was not a citizen of Louisiana but rather a citizen of Nevada and Texas, the two states of which its members were citizens); *Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 536 (5th Cir. 2017). A person must be a citizen of the United States to be a citizen of any state. *Coury*, 85 F.3d at 249. A resident of a foreign country is not necessarily a citizen or subject of that country; thus, "a diversity suit may not be maintained under 28 U.S.C. § 1332(a)(1) by or against a United States citizen who is domiciled in a foreign country." *Id.* at 250.

Generally, a person has only one domicile at any particular time. *Acridge v. Evangelical Lutheran Good Samaritan Soc.*, 334 F.3d 444, 451 (5th Cir. 2003). "A person's state of domicile presumptively continues unless rebutted with sufficient evidence of change." *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 797-98 (5th Cir. 2007); *see Acridge*, 334 F.3d at 448. To defeat the presumption of continuing domicile and establish a new domicile, an individual must demonstrate both residence in a new state and an intention to remain in that state indefinitely. *In re Ran*, 607 F.3d 1017, 1022 (5th Cir. 2010); *Acridge*, 334 F.3d at 448; *Coury*, 85 F.3d at 250 ("[M]ere presence in a new location does not effect a change of domicile; it must

be accompanied with the requisite intent."). When domicile is challenged, the plaintiff bears the burden to show by a preponderance of the evidence that she is a citizen of a particular state. *Preston*, 485 F.3d at 798.

Courts consider several factors in determining an individual's domicile, including "the places where [she] exercises civil and political rights, pays taxes, owns real and personal property, has driver's and other licenses, maintains bank accounts, belongs to clubs and churches, has places of business or employment, and maintains a home for her family." *Coury*, 85 F.3d at 251; *see Stewart v. Entergy Corp.*, ___ F. 4th ___, No. 22-30177, 2022 WL 1711659, at *3 n.3 (5th Cir. May 27, 2022). While statements of intent to remain in a domicile or establish a new one are also relevant, they are "entitled to little weight if they conflict with objective facts." *Acridge*, 334 F.3d at 448.

"When a [party] makes a 'factual attack' on a court's subject matter jurisdiction, the court is 'free to weigh the evidence and satisfy itself as to the existence of its power to hear the case.'" *Arena v. Graybar Elec. Co., Inc.*, 669 F.3d 214, 223 (5th Cir. 2012) (quoting *Morris v. U.S. Dept. of Justice*, 540 F. Supp. 898, 900 (S.D. Tex. 1982), *aff'd*, 696 F.2d 994 (5th Cir. 1983), *cert. denied*, 460 U.S. 1093 (1983)). To determine whether jurisdiction exists, the court will generally resolve any factual disputes from the pleadings and the affidavits submitted by the parties. *Cell Sci. Sys. Corp. v. La. Health Serv.*, 804 F. App'x 260, 263-64 (5th Cir. 2020); *Bell v. Redflex Traffic Sys., Inc.*, 374 F. App'x 518, 522 n.3 (5th Cir. 2010); *Williams*, 132 F. Supp. 3d at n.1. The court may also conduct an evidentiary hearing and "may hear conflicting written and oral evidence and decide for itself the factual issues which determine jurisdiction." *Deutsch v. Annis Enters., Inc.*, 882 F.3d 169, 173 n.1 (5th Cir. 2018); *Williamson v. Tucker*, 645 F.2d

404, 413 (5th Cir. 1981); *see Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511-12 (5th Cir.), *cert. denied*, 449 U.S. 953 (1980).

Defendants are Texas limited liability companies that are citizens of Georgia. According to Defendants, both Triangle and Royal Texas are owned by sole members, which are also limited liability companies: Showcase Properties, LLC ("Showcase"), and Royal Investment Holdings, LLC ("Royal Investment Holdings"), respectively. The sole members of Showcase and Royal Investment Holdings are trusts, the trustees of which are both citizens of the State of Georgia.

The evidence presented to the court indicates that Dubier is a citizen of the State of California. Dubier testified at the hearing that she was born in New Orleans, Louisiana, and moved to California in 1982. Dubier stated that she began visiting Greece in the 1980s and has leased a home in Petrothalassa, Greece, for approximately the past three years. She indicated that she travels to Greece twice a year and spends her summers there. In addition, she owns a vehicle in Greece.

Dubier, however, testified that the majority of her life centers around San Francisco, California. She has owned a residential property in San Francisco since 2002, leasing out two apartments in the building and maintaining the ground floor as her residence. Dubier further testified that she considers the San Francisco property to be her permanent home and her domicile to be in California. As Defendants point out, Dubier has used both Grandville, Michigan, and Metairie, Louisiana, mailing addresses during this and related state court litigation. She maintains, however, that she utilized the Michigan address as part of a mail-scanning service to avoid potential mail fraud and identity theft. Further, she asserts that the Louisiana address is a

home that she co-owns with her brother, in which her mother resides, and where she sometimes has physical items mailed.

Dubier votes in San Francisco elections and testified that she voted most recently via mail ballot the week prior to the hearing. Further, Dubier stated that she is a real estate broker in California. She has a California real estate broker's license that she renewed on February 13, 2022, and is a member of the San Francisco Association of Realtors, a local organization. Moreover, the record reflects that Dubier pays property and income taxes in California, carries insurance on her San Francisco residential property, and maintains bank, retirement, and investment accounts in California. She noted that while she has a bank account in Greece it is merely a prepaid debit account. She further indicated that she does not pay any property or income taxes in Greece. Dubier also has a California-issued driver's license, albeit with a listed Louisiana address.

III.   Conclusion

While Dubier undeniably leases a home and spends a significant amount of her time in Greece, the court finds that Dubier has established that she is domiciled in California. Triangle and Royal Texas are citizens of Georgia. Thus, this is an action between citizens of different States and the amount in controversy exceeds $75,000.00. Consistent with the foregoing analysis, the court concludes that it has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.

SIGNED at Beaumont, Texas, this 7th day of July, 2022.

*[Signature: Marcia A. Crone]*

MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE